UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS J. JEFFREYS

PLAINTIFF

VS                                          CIVIL ACTION NO:

                                            3:03 CV 460 (MRK)

TEAMSTERS LOCAL UNION NO: 1150

DEFENDANT                                   DATE: NOVEMBER 4, 2003

## MOTION OF OBJECTION

1) PLAINTIFF FILES THIS MOTION OF OBJECTION, PER CIVIL RULE 12(a), THE PLAINTIFF SHALL SERVE A REPLY TO A COUNTERCLAIM IN THE ANSWER WITHIN 20 DAYS AFTER SERVICE OF THE ANSWER, OR IF A REPLY IS ORDERED BY THE COURT, WITHIN 20 DAYS AFTER SERVICE OF THE ORDER, UNLESS THE ORDER OTHERWISE DIRECTS.

2) PLAINTIFF ON OCTOBER 29, 2003 RECEIVED A COURT ORDER TO FILE MOTION OF OBJECTION TO DEFENDANTS MOTION TO DISMISS BY NOVEMBER 12, 2003. PLAINTIFF STATES THE RECORDS OF THE COURT IS AS FOLLOWS:

   A) ON JUNE 11, 2003, DEFENDANT FILED MOTION TO DISMISS.

   B) ON JUNE 23, 2003, PLAINTIFF FILED MOTION OF OBJECTION, TO DEFENDANT MOTION TO DISMISS.

   C) ON JULY 22, 2003, JUDGE J.C. HALL MAILED LETTER TO BOTH COUNSEL OF POSSIBLE SANCTIONS BECAUSE NO REPORT WAS FILED FORM 26(5), PER LOCAL RULE 38.

D) ON JULY 25, 2003, PLAINTIFF FILED RULE 26(5) REPORT, PER COURT ORDER

E) ON JULY 25, 2003, DEFENDANT FILED RULE 26(5) REPORT, PER COURT ORDER.

F) ON JULY 30, 2003, JUDGE J.C. HALL EXCEPT PLAINTIFF REPORT ON SCHEDULING OF DISCOVERY AND PRE-TRIAL MOTION, DISCOVERY CUTOFF DATE IS NOVEMBER 18, 2003

3) PLAINTIFF STATES THAT THE DEFENDANT NEVER MENTION FILING OF MOTION TO STAY DISCOVERY. FACT IS DEFENDANT EXCEPT PLAINTIFF AND THE COURTS SCHEDULING OF WITHOUT OBJECTION, EXCEPT TO MENTION DEFENDANTS MOTION TO DISMISS. ALSO DEFENDANT STATED THAT IN MAY 2003 MENTION THAT WE WOULD HAVE TO FILE 26(5) REPORT. THIS WAS NEVER TALKED ABOUT AND THE FACT IS DEFENDANT WAS AWAITING FOR RULING ON DEFENDANT'S MOTION TO DISMISS, DEFENDANT DID NOT PLAN TO DO DISCOVERY, THAT'S WHY RIGHT IN THE MIDDLE OF DISCOVERY DEFEND NOW FILES MOTION TO STAY DISCOVERY. WHEN THIS MOTION SHOULD HAVE BEEN FILED WITH DEFENDANT'S RULE 26(5) REPORT. JUDGE HALL WAS AWARE OF DEFENDANTS MOTION TO DISMISS AND FAVOR PLAINTIFF TO DO DISCOVERY AND ALLOW PLAINTIFF TO FILE SUPPORTING DOCUMENTS AFTER DISCOVERY. THIS AGE MENT FOUND IN PLAINTIFF'S RULE 26(5) REPORT (PAGE 2-3).

4) PLAINTIFF RESPECTFULLY ASK THIS COURT TO CONSIDER THIS, WHY SO LATE 1 DISCOVERY FILE MOTION TO STAY DISCOVERY? THIS MOTION SHOULD HAVE BEEN FILED BACK WITH THE RULE 26(5) REPORT. PLAINTIFF WILL PROVIDE FACTS TO WHY THE DEFENDANT NOW FILES MOTION TO STAY DISCOVERY.

5. PLAINTIFF STATES BACK ON AUGUST 18, 2003 THE START OF DISCOVERY PLAINTIFF MAILED DEFENDANT ADMISSIONS PURSUANT TO RULE 36 OF THE FEDERAL RULES ALONG WITH APPENDIX "A" AND APPENDIX "B" OF THE PARTS OF THE CONTRACT IN QUESTION IN THIS CIVIL SUIT. ALSO APPENDIX "A" AND APPENDIX "B" TO BE FOUND IN PLAINTIFF MOTION FOR SANCTIONS — OCTOBER 19, 2003. IN PLAINTIFF'S MOTION FOR SANCTIONS PLAINTIFF STATED DEFENDANT WAS EVASIVE WITH RESPONSE, BUT WHAT PLAIN LEFT OUT OF THE ARGUMENT WAS:

"UPON RECEIVING DEFENDANTS REPLY TO PLAINTIFFS ADMISSIONS ON SEPTEMBER 18, 2003. PLAINTIFF CALLED AUGUST 18, 2003 DEFENDANT ABOUT DEFENDANTS REPLY. DEFENDANT CALLED BACK LATER THAT DAY. PLAINTIFF ASK THE DEFENDANTS ATTORNEY IF THIS WAS THEIR REPLY AND IF THEY WOULD LIKE A CHANCE TO CHANGE THEIR RESPONSE. DEFENDANTS ATTORNEY STATED "THIS IS DEFENDANTS RESPONSE AND IF DEFENDANT KNEW THIS WAS THE WAY PLAINTIFF WAS GOING TO CONDUCT DISCOVERY," ATTORNEY STATED STATED THEY WOULD HAVE OBJECTED EARLIER."

SO THE QUESTION IS WHY THIS STATEMENT TO PLAINTIFF'S DISCOVERY OF ADMISSIONS, PLEASE LOOK AT APPENDIX "A" AND APPENDIX "B". IF DEFENDANT ADMIT TO ALL THESE APPENDIX. IT WOULD BE VERY DAMAGING TO DEFENDANTS CASE. PLAINTIFF WOULD ALSO ASK THIS COURT TO LOOK AT DEFENDANTS MOTION TO DISMISS — JUNE 11, 2003 FOUND ON (PAGE 7) LAST PARAGRAPH AND I QUOTE "THE CONSTITUTION AND BY-LAWS OF A LABOR UNION ARE TREATED AS CONTRACTS BETWEEN A UNION AND ITS MEMBERS", THIS QUOTE ALSO TO BE FOUND IN PLAINTIFF'S MOTION OF OBJECT (PAGE 3 LINE 7) OF JUNE 23, 2003. SO WHY BE EVASIVE? APPENDIX "A" AND APPENDIX "B" CLEARLY PART IN QUESTION COLLECTIVE BARGAINING AGREEMENT AND INTERNATIONAL OF TEAMSTERS CONSTITUTION. WHY BE EVASIVE?

DEFENDANT HAS ALREADY ADMIT IN MOTION DISMISS CONTRACT BETWEEN UNION AND MEMBER.

6) PLAINTIFF HAS ALREADY STATED MEMBERSHIP FEES PAID MONTHLY TO DEFENDANT FOR COVERAGE UNDER COLLECTIVE BARGAINING AGREEMENT AND THE INTERNATIONAL CONSTITUTION AS FOUND IN APPENDIX "A". PLAINTIFF HAS NOT CONSENTED TO RELEASE ANY MEDICAL RECORDS OR COPIES OF ANY OF THE MISSING DOCUMENTS. FURTHER PLAINTIFF HAS SUPPORTING EVIDENCE TO THE DOCUMENTS BEING WITH DEFENDANT. PLAINTIFF CAN NOT BE HELD RESPONSIBLE FOR THE TIMING OF THE FILING OF THIS COMPLAINT. DEFENDANT FROM MARCH 2000 WAS NOT TRUTHFUL ON THE WHEREABOUTS OF THESE DOCUMENTS. EVEN AFTER A COURT ORDER TO PRODUCE OR ADMIT THE EXISTENCE OF SAID DOCUMENTS. COURT RECORDS SHOW IT WAS NOT UNTIL PLAINTIFF FILED THIS CIVIL SUIT THAT IT WAS KNOW ONLY THESE DOCUMENTS WERE MISSING "NOT THE WHOLE FILE".

7) PLAINTIFF RESPECTFULLY ASK THIS COURT NOT ONLY TO DISMISS DEFENDANTS MOTION TO STAY DISCOVERY, ALSO TO ISSUE SANCTIONS PER PLAINTIFF'S MOTION FOR SANCTION-DATED OCTOBER 19, 2003. RESPECTFULLY ALSO TO ASK THIS COURT TO WAIT AS JUDGE HALL WAS DOING. WAIT UNTIL DISCOVERY IS COMPLETE AND ALLOW PLAINTIFF TO FILE SUPPORTING DOCUMENTS. PLAINTIFF IS ENCLOSING 1 EXHIBIT "A" (PAGE 1) AND CERTIFICATE OF SERVICE OF PLAINTIFF MOTION OF OBJECTION, JUNE 23, 2003, ALSO EXHIBIT "B" PLAINTIFF'S RULE 26(f) REPORT. GRANTED BY JUDGE HALL JULY 30, 2003.

RESPECTFULLY PLAINTIFF PRO-SE
Mr. Thomas J. Jeffreys — MR. THOMAS J. JEFFREYS
339 COOKE STREET, WATERBURY, CT. 06710
TELE. (203) 597-9755    NOVEMBER 4,

## CERTIFICATE OF SERVICE

I, THOMAS J. JEFFREYS, PLAINTIFF, HEREBY CERTIFY THAT A COPY OF THE FOREGOING, MOTION OF OBJECTION, WAS SERVED BY PRE-PAID, FIRST-CLASS MAIL ON NOVEMBER 4, 2003 TO THE FOLLOWING DEFENDANT:

JOHN T. FUSSELL
ATTORNEY AT LAW
COMMERCE CENTER ONE
333 EAST RIVER DRIVE, SUITE 101
EAST HARTFORD, CT. 06108

PLAINTIFF PRO-SE

*Mr. Thomas J. Jeffreys*

MR. THOMAS J. JEFFREYS
339 COOKE STREET
WATERBURY, CT. 06710
TELE. (203) 597-9755
NOVEMBER 4, 2003

| | |
|---|---|
| THOMAS J. JEFFREYS | : |
| PLAINTIFF | : |
| | : |
| | : CIVIL ACTION NO: |
| VS | : |
| | : |
| | : 3:03 CV 460 (JCH) |
| TEAMSTERS LOCAL UNION NO: 1150 | : |
| DEFENDANT | : DATED: JUNE 23, 2003 |

### MOTION OF OBJECTION

1) PLAINTIFF FILES THIS MOTION OF OBJECTION, PER CIVIL RULE 12(a) THE PLAINTIFF SHALL SERVE A REPLY TO A COUNTERCLAIM IN THE ANSWER WITHIN 20 DAYS AFTER SERVICE OF THE ANSWER, OR IF A REPLY IS ORDERED BY THE COURT, WITHIN 20 DAYS AFTER SERVICE OF THE ORDER, UNLESS THE ORDER OTHERWISE DIRECTS.

2) PLAINTIFF STATES THAT ON JUNE 12, 2003 PLAINTIFF RECEIVED DEFENDANTS ANSWER TO CIVIL ACTION NO: 3:03 CV 460 (JCH). THEREFORE PLAINTIFFS DEADLINE TO FILE REPLY ANSWER FALLS ON JULY 2, 2003. PLAINTIFF REPLY THEREFORE IS TIMELY.

3) PLAINTIFF WILL STATE THE FACTS FOR WHICH THIS COMPLAINT WAS FILED UNDER CIVIL LAWSUIT, ALSO MAY FALL UNDER CRIMINAL LAWS VIOLATION. MEDICAL RECORDS, WORK RECORDS, ARE CONFIDENTIAL. JUST ARE RECORDS BETWEEN A DOCTOR, LAWYER, AND ACCOUNTANT. THESE DOCUMENTS ARE NOT TO BE RELEASED. IN JANUARY 1974 DEFENDANT UNDERTOOK SOLE RESPONSIBILITY TO REPRESENT PLAINTIFF UNDER THE

1

## CERTIFICATE OF SERVICE

I, THOMAS J. JEFFREYS PLAINTIFF, HEREBY CERTIFY THAT A COPY OF THE FOREGOING, MOTION OF OBJECTION, WAS SERVED BY PRE-PAID, FIRST-CLASS MAIL ON JUNE 26, 2003 TO THE FOLLOWING DEFENDANT:

JOHN T. FUSSELL
ATTORNEY AT LAW
COMMERCE CENTER ONE
333 EAST RIVER DRIVE, SUITE 101
EAST HARTFORD, CT. 06108

PLAINTIFF PRO-SE
Mr. Thomas J. Jeffreys
Mr. THOMAS J. JEFFREYS
339 COOKE STREET
WATERBURY, CT. 06710
TELE. (203) 597-9755

THOMAS J. JEFFREYS

PLAINTIFF

VS

TEAMSTERS LOCAL UNION

NO. 1150

DEFENDANT

FILED

2003 JUL 28 P 12:26

CIVIL ACTION NO.:

US DISTRICT COURT
BRIDGEPORT CT

3:03 CV 460 (JCH)

DATE: JULY 25, 2003

## PLAINTIFF'S RULE 26(S) REPORT

1) PLAINTIFF PRO-SE RESPECTFULLY STATE THAT PLAINTIFF WAS AWAITING RULING ON DEFENDANTS MOTION TO DISMISS. WHICH PLAINTIFF FILED OBJECTION TO DATE'S ARE DEFENDANTS MOTION JUNE 11, 2003, PLAINTIFF'S OBJECTION JUNE 23, 2003. PLAINT. STATES THAT PARTIES HAVE HAD ONE PHONE MEETING ABOUT THIS CIVIL MATTER. PLAINTIFF HAD MADE IT VERY CLEAR TO DEFENDANTS ATTORNEY THAT THIS CIVIL MATTER DEALS WITH BREACH OF CONTRACT, WHICH PLAINTIFF'S DOCUMENTS OF MEDICAL HISTORY AND OTHER VERY IMPORTANT DOCUMENTS LISTED IN COMPLAINT WERE REMOVED FROM DEFENDANTS PLACE OF BUSINESS. WHICH IS IN STRICT VIOLATION OF COLLECTIVE BARGAINING AGREEMENT AND THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSE AND HELPERS OF AMERICA — CONSTITUTION. JUNE 14-17, 1976 ADOPTED.

2) THE PLAINTIFF WOULD REQUEST A MODIFICATION IN THE STANDING ORDER ON SCHEDULING IN CIVIL CASES AS DISCRIBED IN THE CASE MANAGEMENT PLAN AS SUBMIT BY PLAINTIFF:

Dispositive motions due by
Rule 16 Conference to be held on
SO ORDERED
7/30/03
Janet C. Hall, U.S.D.J.

1

3) PLAINTIFF DOES NOT WISH TO HAVE A PRE-TRIAL CONFERENCE. FOR PLAINT. BELIEVES THE ISSUES IN THIS MATTER ARE VERY STRAIGHT FORWARD AND THAT NO MORE TIME TO BE WASTED, BEFORE ENTRY OF A SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 16(P).

4) PLAINTIFF PROPOSES THE FOLLOWING SCHEDULING IN THIS CIVIL MATTER:

   a) PLAINTIFF DOES NOT NEED ADDITIONAL TIME TO CONFER WITH OTHER PARTS OR ANSWER OF PLEADINGS.

   b) PLAINTIFF WOULD STATE UPON THE COURT EXCEPTING SOMEKIND OF SCHEDULING ORDER CLOSE TO WHAT HAS BEEN PROPOSED BY PLAINTIFF

   c) PLAINTIFF WOULD STATE UPON THIS COURTS RULING. DISCOVERY SHOULD COMMENCE AUGUST 18, 2003 AND TO END ON NOVEMBER 18, 2003. OR SHOULD BE COMPLETED WITHIN A THREE MONTH PERIOD.

   d) PLAINTIFF HAS A SHORT DISCOVERY PLAN.

   e) PLAINTIFF WILL LISTEN TO ANY SETTLEMENT OFFERS.

   9) PLAINTIFF AFTER COMPLETION OF DISCOVERY WILL SUBMIT ANOTH MOTION OF APPOINTMENT OF COUNSEL, WITH SUPPORTING EVIDENCE THAT PLAINTIFF'S CIVIL CASE HAS A VERY GOOD CHANCE OF DECI IN FAVOR OF PLAINTIFF.

G) THEN UPON APPOINTMENT OF COUNSEL THE REMAINING SCHEDULE SHOULD BE SET-UP BETWEEN ATTORNEYS.

H) PLAINTIFF WOULD RESPECTFULLY STATE REPORTS FROM EXPERTS PURSUANT TO FED. R. CIV. P. 26 (a)(3), IF GENERATED BY PLAINTIFF SHOULD BE DUE 45 DAYS AFTER COURTS RULING ON APPOINTMENT OF COUNSEL OR OTHER SCHEDULING SUGGEST BY THAT ATTORNEY.

RESPECTFULLY PRO-SE

*Mr. Thomas J. Jeffreys*
MR. THOMAS J. JEFFREYS
339 COOKE STREET
WATERBURY, CT. 06710
TELE. (203) 597-9755

SIGNATURE OF DEFENDANT
JOHN T. FUSSELL, ESQ.

2.

## CERTIFICATE OF SERVICE

I, THOMAS J. JEFFREYS PLAINTIFF, HEREBY CERTIFY THAT A COPY OF THE FOREGOING, PLAINTIFF'S RULE 26(f) REPORT, WAS SERVED BY PRE-PAID, FIRST CLASS MAIL ON JULY 25, 2003 TO THE FOLLOWING DEFENDANT:

JOHN T. FUSSELL
ATTORNEY AT LAW
COMMERCE CENTER ONE
333 EAST RIVER DRIVE, SUITE 101
EAST HARTFORD, CT. 06108

PLAINTIFF PRO-SE
*Mr. Thomas J. Jeffreys*
MR. THOMAS J. JEFFREYS
339 COOKE STREET
WATERBURY, CT. 06710
TELE. (203) 597-9755