UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Thomas J. Jeffreys, | : |
| Plaintiff, | : NO. 3:03cv460 (MRK) |
| v. | : |
| Teamsters Local Union No. 1150, | : |
| Defendant. | : |

## RULING AND ORDER

Plaintiff Thomas J. Jeffreys ("Jeffreys"), appearing *pro se*, brings this action alleging that Defendant Teamsters Local Union No. 1150 ("the Union") removed various documents regarding Plaintiff, including medical records, believed to have been in Defendant's possession. Defendant has filed a Motion to Dismiss [doc. #8], asserting that Plaintiff lacks standing, his claim is time-barred, Defendant breached no duty, and the case is barred by the doctrine of res judicata. For the reasons stated below, the Motion to Dismiss [doc. #8] is GRANTED on res judicata grounds. In view of the Court's ruling on res judicata, there is no need to address any of the other asserted bases for dismissal.

I.

Mr. Jeffreys was an employee of Sikorsky Aircraft until his employment there was terminated in 1993. Mem. of Law in Supp. of Def.'s Mot. to Dismiss [doc. #9], at 4. After the termination, Mr. Jeffreys brought suit against Sikorsky for violating his rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act. *See Jefferies (sic) v. United Techs. Corp., Sikorsky Aircraft*

1

*Div.*, No. 3:97CV1344(DJS) (D. Conn. Aug. 12, 1999) ("*Jeffreys I*"). Judge Squatrito granted summary judgment for Defendant in *Jeffreys I*, finding that Plaintiff was not disabled within the meaning of the ADA or the Rehabilitation Act. *See Jeffreys v. Teamsters Local Union No. 1150*, 2001 WL 506760, *3 (No. 3:97CV1538(AHN)) (D. Conn. Feb. 28, 2001).

Around the same time, Plaintiff also sued the Union, Defendant in the present case. *Jeffreys v. Teamsters Local Union No. 1150*, (No. 3:97CV1538(AHN)) ("*Jeffreys II*"). Defendant is a labor organization engaged in collective bargaining for its members at Sikorsky Aircraft. Mem. in Supp. of Mot. to Dismiss [doc.#9], at 2. Plaintiff was a member of the Union at the time his employment was terminated; however, his membership was temporarily withdrawn upon termination, subject to renewal if recalled to work at Sikorsky. *Id.* Plaintiff was never recalled and voluntarily relinquished his Union membership in June 1993. *Id.* at 2-3. In *Jeffreys II*, Plaintiff alleged that the Union discriminated against him, an individual with a disability, by failing to abide by the recall provisions of the Collective Bargaining Agreement. *Jeffreys II*, 2001 WL 506760, at *1. In a recommended ruling, Magistrate Judge Fitzsimmons granted summary judgment to Defendant on grounds of collateral estoppel, finding that *Jeffreys II* raised issues that were identical to those asserted in the original case against Sikorsky (*Jeffrey's I*), that Mr. Jeffreys had had a full and fair opportunity to litigate those issues in *Jeffreys I*, and that the issues decided in *Jeffreys I* were necessary to support a valid and final judgment on the merits. *Id.* at *3-*4. Judge Nevas adopted Magistrate Fitzsimmons' recommended ruling, and the Second Circuit affirmed. *Jeffreys v. Teamsters Union Local 1150*, 28 Fed. Appx. 92, 94 (2d Cir. 2002).

The present complaint (*Jeffreys III*) was filed on March 14, 2003, and describes as its single claim: "The removal of medical documents, stewards time card, notes for request for grievances,

notes of oral agreement between employer and defendant, messages of June 25, 1993, and copy of recalled employees, and remaining employees in Plaintiff's occupational group and transfer group." Compl. [doc. #2], at 3. Plaintiff had requested these documents in *Jeffreys II*, and he claims that Magistrate Fitzsimmons ordered Defendants to locate the documents at a January 25, 2001 oral argument in *Jeffreys II*. Mot. of Objection [doc. #11], at 2; *see also* Pl's Mem. in *Jeffreys II*, Mem. in Supp. of Mot. To Dismiss, Ex. 2, at 3 ("Missing medical records, oral agreement notes between defendant and employer as far as promotion and transfer, also grievances showing on going problems with employer"). Plaintiff asserts that he never received the documents in question and that he waited ample time to receive the documents from Defendant before filing the present suit in March 2003. Mot. of Objection, at 3.

Defendant filed a Motion to Dismiss on June 11, 2003, arguing that the complaint should be dismissed on the four grounds previously noted. Def's Mem. in Supp. of Mot. to Dismiss [doc. #9]. Plaintiff filed a Motion of Objection in response to the Motion to Dismiss [doc. #11], reiterating the claims he made in the Complaint.

## II.

In ruling on the Motion to Dismiss, the Court will assume that the allegations set forth in the Complaint are true and draw all inferences in favor of Plaintiff. *See ICM Holding, Inc. v. MCI Worldcom, Inc.,* 238 F.3d 219, 221 (2d Cir. 2001). Dismissal is not warranted under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In addition, "[s]ince most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [the Court] must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency

than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 139-40 (2d Cir. 2000). Indeed, courts are instructed to interpret *pro se* plaintiffs' complaints "to raise the strongest arguments they suggest." *Bennett v. Goord,* 343 F.3d 133, 137 (2d Cir. 2003) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). That is precisely what this Court has done in addressing Defendant's Motion to Dismiss.

As Defendant notes, it is unclear exactly what legal theory Plaintiff is pursuing in connection with the documents in question. If Plaintiff is requesting these documents to assist in prosecuting his claims against Sikorsky or the Union, this Court can do nothing to help him, since those claims were dismissed in *Jeffreys I* and *Jeffreys II*. Assuming therefore that Plaintiff is bringing an independent claim to recover the documents or to seek damages for their destruction, Defendant suggests that Plaintiff must be asserting either a breach of contract claim – relying on the collective bargaining agreement and the International Brotherhood of Teamsters' Union Constitution – or a violation of the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §436 – a statute that requires unions to maintain certain records. Because Plaintiff is *pro se*, the Court is obligated to raise all possible arguments in support of Plaintiff's claim. Therefore, the Court assumes (as Defendant does) that Plaintiff is seeking recovery of the documents and/or damages for their destruction under theories of breach of contract or violation of the LMRDA..

The Court addresses Defendant's argument that Plaintiff's claim is barred on the grounds of res judicata, since a decision on that ground would be dispositive of all possible claims in this case. The Second Circuit has affirmed that "res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994); *see also Southard v. Southard*, 305 F.2d 730, 732 (2d Cir. 1962) ("The

4

defense of res judicata may be asserted in a 12(b)(6) motion if its availability appears from the plaintiff's pleadings."). The standards for res judicata are familiar: "Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that *were or could have been* raised in that action.'" *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 380 (2d Cir. 2003) (emphasis added) (quoting *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000). Importantly for this case, the doctrine of "res judicata, or claim preclusion, prevents the subsequent litigation of any ground of recovery that was available in the prior action, whether or not it was actually litigated or determined." *Balderman v. United States Veterans Admin.*, 870 F.2d 57, 62 (2d Cir. 1989). As it is indisputable that *Jeffreys II* involved the identical parties to this action, and that *Jeffreys II* proceeded to final judgment on the merits (and was affirmed by the Second Circuit), the sole remaining question is whether the present claim was or could have been raised in that previous case. *See, e.g., Marczeski v. Brown*, 2002 U.S. Dist. LEXIS 22806, *7-*9 (D. Conn. Nov. 21, 2002).

      Plaintiff himself supplies the answer to this question by asserting in his complaint that in *Jeffreys II,* he requested the very documents he seeks in this action and that Magistrate Fitzsimmons directed Defendant in *Jeffreys II* to attempt to locate the documents. Compl., at 2; *see also* Pl's Mem. in *Jeffreys II*, Mem. in Supp. of Mot. To Dismiss [doc. #9], Ex. 2, at 3 ("Missing medical records, oral agreement notes between defendant and employer as far as promotion and transfer, also grievances showing on going problems with employer"). Plaintiff suggests that his current claims relating to these documents could not have been brought as part of *Jeffreys II* because "it was not until now that Defendant has stated there are 'no' documents." Mot. of Objection [doc. #11], at 11. However, insofar as Plaintiff did request these documents in *Jeffreys II*, it is clear that any claim for

the documents (or for their non-production) could have been raised (and indeed, should have been raised) in *Jeffreys II*. Therefore, Plaintiff's claim in this action is a "ground of recovery that was available in the prior action." *Balderman*, 870 F.2d at 62.

Since all the requirements for res judicata are met, Plaintiff's claim in this action is barred by that doctrine, and Defendant's Motion to Dismiss [doc. # 8] is GRANTED. The case is dismissed.

IT IS SO ORDERED.

/s/    <u>    Mark R. Kravitz    </u>

U.S.D.J.

Dated at New Haven, Connecticut: <u>March 25, 2004</u>