DISTRICT OF CONNECTICUT

THOMAS J. JEFFREYS

PLAINTIFF

CIVIL ACTION NO

VS

3:03 V 460 (MRK)

TEAMSTERS LOCAL UNION NO: 1150

DEFENDANT

MARCH 30, 2004

## MOTION TO ALTER OR AMEND A JUDGMENT

1) PLAINTIFF FILES THIS MOTION TO ALTER OR AMEND A JUDGMENT, UNDER FEDERAL RULES OF CIVIL PROCEEDURE RULE 59 (e). ALSO TO BE FILED UNDER FEDERAL RULE OF CIVIL PROCEEDURE RULE'S 52(a), 52(b), AND RULES 15(a), 15(b), 15(c). PLAINTIFF WILL NOW STATE FACTS PER FEDERAL RULES OF CIVIL PROCEEDURE AS RELATES TO THIS CIVIL CASE,

2) PLAINTIFF STATES UNDER FEDERAL RULES OF CIVIL PROCEEDURE RULE 15, 15(a), 15(b), 15(c). PLAINTIFF IS ENTITLE TO FILE AMENDMENT AND SUPPLEMENTAL PLEADING

3) PLAINTIFF WOULD STATE UNDER RULE'S 15, PLEADINGS TO BE AMEND AND SUPPLEMENT DEAL WITH PARAGRAPH NUMBER #4 OF THE COMPLAINT IN WHICH PLAINTIFF BEING A PRO-SE IN PLAINTIFF'S OWN INADVERTENCE, MISTAKE, OR EXCUSABLE NEGLECT NOT BEING ATTORNEY SHOULD HAVE THE RIGHT TO AMEND COMPLAINT UNDER JURISDICTION TO ADD "TAFT HARTLEY ACT OF 1947 — DISCLOSURE AND LABOR MANGEMENT REPORTING AND DISCLOSURE ACT (LMRDA 29 U.S.C.A §436.

1.

§436. THE FACT THAT MEDICAL RECORDS WERE DISCLOSED OR REMOVED. THA[T] DEFENDANT DID SO WITHOUT WRITTEN PERMISSION FROM PLAINTIFF, AS STATED IN THESE STATUTE'S CONSTITUTE'S VIOLATION OF MY FEDERAL RIG[HTS]

7) PLAINTIFF WOULD ALSO STATE FEDERAL RULE 59(e) MOTION TO ALTER OR AMEND A JUDGMENT, PLAINTIFF BEING A PRO-SE AND NOT ATTORNEY AT LAW RESPECTFULLY STATE NOT KNOWING THE LAWS AND INADVERTENCE, MISTAKE, OR EXCUSABLE NEGLECT ON PLAINTIFF'S PART ASK THIS COURT TO AMEND JUDGMENT TO ALLOW PLAINTIFF TO AMEND PLEADINGS TO INVOKE TWO STATUTES TAFT HARTLEY ACT OF 1947 AND LABOR MANGEMENT REPORTING ACT §436. PLAINTIFF WOULD ALSO STATE THAT CONTRACT BREACH BY DEFENDAN[T] AT THE TIME WHEN THE CASE WAS BEFORE MAGISTRATE, WHEREABOUTS OF TH[E] MISSING DOCUMENTS WAS STILL UNKNOW AT THE TIME OF APPEAL. ALSO THE PLAINTIFF WAS NOT AWARE THAT DEFENDANT HAD VIOLATED A CONTRA[CT]

8) PLAINTIFF ALSO STATES ATTACH TO THIS MOTION TO ALTER OR AMEND A JUDGMENT IS PLAINTIFF'S MOTION TO AMEND PLEADINGS.

RESPECTFULLY PLAINTIFF PRO-SE

*Mr. Thomas J. Jeffreys*

MR. THOMAS J. JEFFREYS
339 COOKE STREET
WATERBURY, CT. 06710
TELE: (203) 597-9755
MARCH 30, 2004

3)

CERTIFICATE OF SERVICE

I, THOMAS J. JEFFREYS PLAINTIFF, HEREBY CERTIFY THAT A COPY OF THE FOREGOING, MOTION TO ALTER OR AMEND A JUDGMENT, WAS SERVED PRE-PAID, FIRST-CLASS MAIL ON MARCH 30, 2004 TO THE FOLLOWING DEFENDANT

JOHN T. FUSSELL
ATTORNEY AT LAW
COMMERCE CENTER ONE
333 EAST RIVER DRIVE, SUITE 101
EAST HARTFORD, CT, 06108

PLAINTIFF PRO-SE
Mr. Thomas J. Jeffreys
MR. THOMAS J. JEFFREYS
339 COOKE STREET
WATERBURY, CT. 06710
TELE: (203) 597-9755
MARCH 30, 2004

4

4) PLAINTIFF WOULD STATE FACT UNDER FEDERAL RULE 15(b) AND 15(c) THAT CIVIL RULE 15(b) AMENDMENTS TO CONFORM TO THE EVIDENCE THAT PLAINTIFF HAS SHOWN IN PLAINTIFF'S OWN OBJECTION AND OTHER EVIDENCE OF DOCUMENTS HAS STATE DEFENDANT REMOVED MEDICAL RECORDS AND OTHER DOCUMENTS WITHOUT WRITTEN PERMISSION OF PLAINTIFF. UNDER THESE TWO STATUTE - TAFT HARTLEY ACT AND LABOR MANGEMENT REPORTING DEFENDANT SHOULD HAVE HAD WRITTEN PERMISSION TO DISCLOSE, NOT TO REMOVED PROPERTY OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, IN TEAMSTERS CONSTITUTION OF JUNE 14-17, 1976

5) PLAINTIFF STATES UNDER CIVIL RULE 15(c) RELATION BACK OF AMENDMENTS, PLAINTIFF WOULD STATE THE COURT RECORDS OF PLAINTIFF'S PLEADINGS, EVIDENCE, AND DOCUMENTS SUPPORT ORIGINAL PLEADINGS EXCEPT PLAINTIFF NOT KNOWING OR BEING A PRO-SE DID NOT LOCATE THESE OTHER STATUTES UNTIL AFTER FILING THIS COMPLAINT OF MARCH 7, 2003. PLAINTIFF WOULD STATE THEIR ARE A GREAT NUMBER OF BOOKS THAT COVER PRIVACY, DISCLOSURE, LABOR MANGEMENT REPORTING, AND CONFIDENTIALLY RIGHTS. PLAINTIFF HAD TO GO PAGE BY PAGE. ATTORNEY KNOWING WHAT TO LOOK FOR WOULD HAVE FOUND THESE TWO STATUTE MUCH EASIER.

6) PLAINTIFF WILL STATE UNDER CIVIL RULE OF PROCEEDURE RULE 52(a), AND 52(b) ON THE GROUNDS FOR RULE 52(b) MOTION TO AMEND INCLUDE NEWLY DISCOVERED EVIDENCE, A CHANGE IN THE LAW, OR A MANIFEST ERROR OF FACT OR LAW BY THE TRIAL COURT. A RULE 52(b) MOTION TO AMEND SHOULD NOT MERELY RELITIGATE OLD ISSUES OR REHEAR THE MERITS OF THE CASE. THE ONLY MATTER IN THIS CIVIL CASE TO BE HEARED IS TO INVOWE THES TWO STATUTE - TAFT HARTLEY ACT OF 1947 AND LABOR MANGEMENT REPORTING AC