UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS J. JEFFREYS, : | |
| : | |
| Plaintiff, : | NO.   3:03cv460 (MRK) |
| : | |
| v. : | |
| : | |
| : | |
| TEAMSTERS LOCAL UNION NO. 1150, : | |
| : | |
| Defendant. : | |

### RULING

On March 25, 2004, this Court dismissed this case on grounds of res judicata. *See* Ruling and Order [doc. # 22]. Presently pending before this Court are the pro se Plaintiff's Motion of Objection [doc. #24], Plaintiff's Motion to Alter or Amend a Judgment [doc. #25], and Motion to Amend Pleadings [doc. #26]. In his Motion to Amend Pleading, Plaintiff seeks to amend his Complaint by expressly adding claims based on the Taft Hartley Act and the Labor Management Reporting and Disclosure Act. While leave to amend is granted freely, leave to amend should not be granted when the amendment itself would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) ("Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party."). Here, the basis for Plaintiff's cause of action is unchanged and Plaintiff only seeks to change the label of the cause of action that he uses to describe his cause of action. Plaintiff's proposed amendment would be futile because it would not alter this Court's conclusion that his present

claim – regardless how labeled – could have been and should have been asserted in *Jeffreys v. Teamsters Local Union No. 1150*, No. 3:97CV1538(AHN), 2001 WL 506760 (D. Conn. Feb. 28, 2001) ("*Jeffreys II*").  See *Klein v. Spear, Leeds & Kellogg,* 309 F.Supp. 341, 344 (S.D.N.Y. 1970) ("Fully cognizant of the mandate that leave to amend shall be freely given when justice so requires, we deny plaintiff . . . leave to amend the instant complaint yet another time to assert a claim . . . apparently barred by res adjudicata.") (internal quotations omitted).  Accordingly, the Court DENIES Plaintiff's Motion to Amend Pleadings [doc. #26].

Both the Motion of Objection and Motion to Alter or Amend a Judgment, ask this Court to reconsider its ruling.  Having carefully considered Plaintiff's arguments, the Court is not persuaded to reconsider its ruling.  Plaintiff has not raised any issues that the Court has not already considered or that would cause the Court to alter its decision in any way.  Accordingly, the Court DENIES Plaintiff's Motion of Objection [doc. #24] and Motion to Alter or Amend a Judgment [doc. #25].

**The Clerk is directed to close this case.**

IT IS SO ORDERED.

/s/     Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: October 8, 2004.