UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS J. JEFFREYS          :
PLAINTIFF                   :
                            :
                            :  CIVIL ACTION NO.
VS                          :
                            :
                            :  3:03 V460 (MRK)
TEAMSTERS LOCAL UNION NO.: 1150  :
DEFENDANT                   :
                            :  OCTOBER 19, 2004

FILED 2004 OCT 21 P 2:50 U.S. DISTRICT COURT NEW HAVEN CT

MOTION FOR RELIEF FROM JUDGMENT OR ORDER

1) PLAINTIFF FILES THIS MOTION FOR RELIEF FROM JUDGMENT OR ORDER, UNDER FEDERAL RULES OF CIVIL PROCEDURE 60(b) MISTAKE; INADVERTENCE; EXCUSABLE NEGLECT; NEWLY DISCOVERED EVIDENCE; FRAUD, ETC. ON SUCH TERMS AS ARE JUST THE COURT MAY RELIEVE A PARTY OR A PARTY'S LEGAL REPRESENTATIVE FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING FOR THE FOLLOWING REASONS; (1) MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT; (2) NEWLY DISCOVERED EVIDENCE WHICH BY DUE DILIGENCE COULD NOT HAVE BEEN DISCOVERED IN TIME TO MOVE FOR A NEW TRIAL 59(b); RULE 60(b)(5) OR IT IS NO LONGER EQUITABLE THAT THE JUDGMENT SHOULD HAVE PROSPECTIVE APPLICATION; OR RULE 60(b)(6) ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT.

2) PLAINTIFF ALSO ARGUES - OTHER METHODS FOR SEEKING RELIEF FROM JUDGMENT RULE 60(b) DOES NOT PREVENT THE USE OF ANY OF THE FOLLOWING THREE OTHER METHODS FOR SEEKING RELIEF FROM A JUDGMENT OR ORDER: CIVIL RULE 60(b)(6)

a) INDEPENDENT ACTION: AN INDEPENDENT ACTION IN EQUITY CAN BE

1

FILED TO OBTAIN RELIEF FROM A JUDGMENT WHERE:

1) THE JUDGMENT SHOULD NOT, IN GOOD CONSCIENCE, BE ENFORCED;

2) A GOOD DEFENSE EXISTS TO THE PLAINTIFF'S LAWSUIT;

3) FRAUD, ACCIDENT, OR MISTAKE PREVENTED THE DEFENDANT FROM OBTAINING THE BENEFIT OF THIS DEFENSE;

4) THE DEFENDANT IS FREE OF FAULT AND NEGLIGENCE; AND

5) THERE IS NO ADEQUATE REMEDY AT LAW.

THE RULE 60(b) TIME LIMITS DO NOT APPLY TO INDEPENDENT ACTIONS IN EQUITY. IF THE INDEPENDENT ACTION IS FILED IN THE SAME COURT THAT GRANTED THE JUDGMENT, SUPPLEMENTAL JURISDICTION EXISTS — REGARDLESS OF DIVERSITY OR FEDERAL QUESTION JURISDICTION.

B) STATUTORY RELIEF: RELIEF FROM JUDGMENT IS AVAILABLE WHERE PROVIDED BY STATUTE.

3) PLAINTIFF'S ARGUMENTS ARE FILED FOR RELIEF UNDER CIVIL RULE'S 60(b)(1), 60(b)(2), 60(b)(5), AND CIVIL RULE 60(b)(6), THEY ARE AS FOLLOWS:

1) PLAINTIFF'S FIRST ARGUMENT THAT THIS VERY SUIT WAS FILED UNDER VIOLATION OF THE "TAFT HARTLEY ACT OF 1947" UNDER DISCLOSURE, PLAINTIFF WAS ADDING LABOR MANAGEMENT REPORTING AND DISCLOSURE ACT (LMRDA)

2

29 U.S.C. §436. Plaintiff had stated in complaint the violation of the Taft Hartley Act of 1947. Plaintiff being a pro-se per the Supreme Court rules state the courts should give some room for arguments to pro-se. Plaintiff states it was not until January 2003 that Plaintiff found that Defendant had violated any laws after a long search. Plaintiff did not know where to look or what Plaintiff was looking for. It was not until this court ruled on March 25, 2004 to dismiss this case that Plaintiff found Defendant may have violated a second federal law. Plaintiff did not have knowledge or the resource's at the time of these law's, which attorney should have knowledge and resource's firsthand.

4) Plaintiff's second argument pretain's to first case against Defendant that the court record's show on December 28, 2000-Doc #61, Plaintiff filed motion to compel discovery. Dealing with Plaintiff's medical record's that where in the hands of Defendant, hearing was held on January 25, 2001-Doc #64, which magistrate order Defendant to "comply." Defendant never answer. On March 7, 2001 Doc #66 magistrate rule summary judgment for Defendant, without Defendant complying with court order. Plaintiff again not knowing of possible violation of federal laws did not file amendment or "knowing" Plaintiff could amend complaint. Not willingly know of the Taft Hartley Act or Labor Reporting Act Law. Also that the time between January 25, 2001 and March 20, 2001 the court respectfully could not hold Plaintiff pro-se responsible to know federal laws, and statutes and all civil rules of procedures to file amendment. Plus Plaintiff did not have enough knowledge that a violation had

3/

HAPPEN. PLAINTIFF IS ENCLOSING COURT CALENDAR FOR DATES DECEMBER 13, 2000 TO APRIL 11, 2001 WITH ARGUMENTS FILED BY PLAINTIFF OF DISCOVERY FRAUD BY DEFENDANT, EXHIBIT "A", TIME RESTRAIN TO FILE AMENDMENT WAS ONLY TWO MONTHS, IF PLAINTIFF HAD KNOWLEDGE OF FEDERAL LAW VIOLATION. APPEAL WAS TAKEN - MAY 14, 2001 ONE MONTH LATTER.

5/ PLAINTIFF'S THIRD ARGUMENT IS UPON FILING THIS COMPLAINT ON MARCH 7, 2003. PLAINTIFF STILL DID NOT HAVE ENOUGH KNOWLEDGE THAT PLAINTIFF'S MEDICAL DOCUMENT'S WERE MISSING. PLAINTIFF RESPECTFULLY STATE THAT PLAINTIFF IS NOT TRYING TO WASTE COURT'S TIME.

6/ PLAINTIFF ENCLOSING RESPECTFULLY STATE FACT THAT PLAINTIFF KNOWLEDGE OF LAW & CIVIL PROCEDURE IS LITTLE COMPARE TO ATTORNEY. PLAINTIFF STATES CONSTITUTION, FEDERAL AND STATE THAT COURTS SHOULD AFFORD PRO-SE TO HAVE THEIR CASE'S HEARD. THESE LAWS ALSO PROTECT OUR RIGHTS. IF PLAINTIFF HAD MONEY PLAINTIFF WOULD HAVE HIRE ATTORNEY. PLAINTIFF RESPECTFULLY ASK THIS COURT TO REVERSE IT'S FINDING, WITH ARGUMENT PLAINTIFF DID NOT HAVE SUFFICIENT TIME OR KNOW ON RESPECT TO COURT LAWS AND KNOWLEDGE OF DEFENDANT'S ATTORNEY. PLAINTIFF HAS MOVED FORWARD ON CRIMINAL CHARGES AGAINST DEFENDANT. PLAINTIFF NEVER AUTHORIZE DEFENDANT TO RELEASE MEDICAL RECORDS.

RESPECTFULLY,    PLAINTIFF PRO-SE
*Mr. Thomas J. Jeffreys*
MR. THOMAS J. JEFFREYS
339 COOKE STREET
WATERBURY, CT. 06710
TELE. (203) 597-9755
OCTOBER 19, 2004

4/

## CERTIFICATE OF SERVICE

I, THOMAS J. JEFFREYS PLAINTIFF, HEREBY CERTIFY THAT A COPY OF THE FOREGOING, <u>MOTION FOR RELIEF FROM JUDGMENT OR ORDER</u>, WAS SERVED BY PRE-PAID, FIRST-CLASS MAIL ON OCTOBER, 19, 2004 TO THE FOLLOWING DEFENDANT:

JOHN T. FUSSELL

ATTORNEY AT LAW

COMMERCE CENTER ONE

333 EAST RIVER DRIVE, SUITE 101

EAST HARTFORD, CT. 06108

PLAINTIFF PRO-SE

*Mr. Thomas J. Jeffreys*

MR. THOMAS J. JEFFREYS

339 COOKE STREET

WATERBURY, CT. 06710

TELE: (203) 597-9755

OCTOBER 19, 2004

I, THOMAS J. JEFFREYS PLAINTIFF, IN THIS CIVIL CASE DULY SWORN THE STATEMENTS IN THIS MOTION ARE TRUE. PLAINTIFF *Thomas J. Jeffreys*

SIGNATURE NOTARY,

*Kathleen Blakely*
Kathleen Blakely
My Comm. Exp 11/30/08

5)

EXHIBIT # A

| Date | No. | Description |
|---|---|---|
| 12/13/2000 | 60 | REPLY by Teamsters Union to response to [42-1] motion for Summary Judgment by Teamsters Union (Gutierrez, Y.) (Entered: 12/13/2000) |
| 12/28/2000 | 61 | MOTION by Thomas J. Jeffreys to Compel Discovery (Brief Due 1/18/01 ) (Gutierrez, Y.) (Entered: 12/28/2000) |
| 01/10/2001 | 62 | RESPONSE by Teamsters Union to [61-1] motion to Compel Discovery by Thomas J. Jeffreys (Gutierrez, Y.) (Entered: 01/11/2001) |
| 01/17/2001 | 63 | AFFIDAVIT of Thomas J. Jeffreys by Thomas J. Jeffreys Re [61-1] motion to Compel Discovery by Thomas J. Jeffreys (Sanders, C.) (Entered: 01/23/2001) |
| 01/25/2001 | 64 | Motion hearing held re: [61-1] motion to Compel Discovery by Thomas J. Jeffreys ( HBF) (Gutierrez, Y.) (Entered: 01/25/2001) |
| 01/25/2001 |  | MINUTE Entry: [61-1] motion to Compel Discovery under advisement ( HBF) (Gutierrez, Y.) (Entered: 01/25/2001) |
| 01/25/2001 | 65 | MOTION by Thomas J. Jeffreys for Leave to File Affidavit (Gutierrez, Y.) (Entered: 01/25/2001) |
| 03/07/2001 | 66 | RECOMMENDED Ruling denying [65-1] motion for Leave to File Affidavit Objections due 3/25/01, denying [61-1] motion to Compel Discovery Objections due 3/25/01, granting [42-1] motion for Summary Judgment Objections due 3/25/01 ( signed by Mag. Judge Holly B. Fitzsimmons ) 11 Page(s) (Gutierrez, Y.) (Entered: 03/08/2001) |
| 03/14/2001 | 67 | MOTION by Thomas J. Jeffreys to Extend Time for 30 days to file an objection to the recommended ruling (Gutierrez, Y.) Modified on 03/14/2001 (Entered: 03/14/2001) |
| 03/20/2001 |  | ENDORSEMENT granting [67-1] motion to Extend Time for 30 days to file an objection to the recommended ruling, Brief Deadline set for 4/23/01 [65-1] motion for Leave to File Affidavit, set for 4/23/01 [61-1] motion to Compel Discovery, set for 4/23/01 [42-1] motion for Summary Judgment ( signed by Judge Alan H. Nevas ) (Gutierrez, Y.) (Entered: 03/21/2001) |
| 04/03/2001 | 68 | OBJECTION to [66-1] recommended ruling re: [65-1] motion for Leave to File Affidavit, [61-1] motion to Compel Discovery, [42-1] motion for Summary Judgment by Thomas J. Jeffreys (Gutierrez, Y.) (Entered: 04/05/2001) |
| 04/11/2001 |  | ENDORSEMENT granting [66-1] recommended ruling, denying [65-1] motion for Leave to File Affidavit, denying [61-1] motion to Compel Discovery, granting [42-1] motion for Summary Judgment ( signed by Judge Alan H. Nevas ) (Gutierrez, Y.) (Entered: 04/12/2001) |