UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS J. JEFFREYS<br><br>　　　　*Plaintiff*<br><br>vs.<br><br>TEAMSTERS LOCAL UNION NO. 1150<br><br>　　　　*Defendant* | Civil Action No.<br>3:03-CV-460 (MRK)<br><br><br>October 26, 2004 |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER

For the reasons set forth by the Court in its Ruling dated October 8, 2004, Defendant respectfully requests that the Court deny Plaintiff's Motion for Relief from Judgment or Order dated October 19, 2004.

In addition, Defendant denies Plaintiff's bald assertions contained within his Motion. Defendant Teamsters has not breached any law in connection with Mr. Jeffreys. *Pro Se* Plaintiff's Motion for Relief from Judgment is simply another effort to litigate matters that are untimely, already litigated, and not actionable.

Plaintiff's first argument that "*It was not until this court ruled on March 25, 2004 to dismiss this case that plaintiff found defendant may have violated a second federal law*" provides no basis to even consider his request for Relief from Judgment.

**ORAL ARGUMENT IS NOT REQUESTED**

Plaintiff's second argument for relief from Judgment, by his own words, relates to the *"first case against Defendant...."* That *"first case,"* Docket No. 3:97-CV-01538, was dismissed by the District Court and then heard upon Plaintiff's unsuccessful appeal by the Second Circuit Court on January 29, 2002 [*Jeffreys v. Teamsters Local 1150,* 28 Fed. Appx. 92, 2002 WL 138942] [**Attachment 1**]. Mandate affirming the District Court's adverse judgment against Mr. Jeffreys and dismissing that case entered on March 19, 2002. Plaintiff's instant Motion for Relief from Judgment simply asks this Court to allow him to litigate once again matters already adjudicated and dismissed.

Plaintiff's third argument, *"that he did not have enough knowledge"* that his *"medical documents were missing"* is likewise barred and without merit. The alleged medical records dispute arose in his *"first case."* That case, as noted above, was long ago dismissed and closed.[1] Nonetheless, Plaintiff filed a new Complaint regarding the dismissed dispute (Case No. 3:03-CV-460). This Court, by decision dated March 25, 2004, correctly dismissed that case on *res judicata* grounds. Plaintiff responded to that dismissal by filing his "Motion of Objection" [doc. #24], "Motion to Alter or Amend Judgment" [doc. #25], and "Motion to Amend Pleadings" [doc. #26]. By Ruling dated October 8, 2004, this court "having reconsidered its ruling" correctly denied Plaintiff's motions.

Plaintiff's new Motion for Relief from Judgment dated October 19, 2004, based upon matters already litigated, dismissed, appealed, filed again, dismissed, and reconsidered and denied, gives new meaning to the phrase "second bite at the apple." Plaintiff offers no grounds for relief from judgment and his Motion dated October 19, 2004 must be denied.

---

[1] Plaintiff's "second argument" identifies the "medical records" dispute as addressed in a hearing on "January 25, 2001" in the "first case" [See, Plaintiff's Motion for Relief from Judgment, dated October 19, 2004].

Respectfully submitted,

DEFENDANT
TEAMSTERS LOCAL UNION NO. 1150

By: *[signature]*
John T. Fussell, Esq. (ct 17989)
ROBERT M. CHEVERIE &
ASSOCIATES, P.C.

# CERTIFICATION

This is to certify that a copy of the foregoing *Defendant's Opposition to Plaintiff's Motion for Relief from Judgment or Order* has been mailed, first class and postage prepaid, this 26th day of October, 2004 to the following *pro se* party:

Mr. Thomas J. Jeffreys
339 Cooke Street
Waterbury, CT  06710

*[signature]*
John T. Fussell, Esq.

JTF.Teamsters 1150.Jeffreys.2003-New Complaint
Defendant's Objection to Plaintiff's Motion for Relief from Judgment.10-26-04

# ATTACHMENT 1

**H**
This case was not selected for publication in the Federal Reporter.

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Second Circuit Rules § 0.23. (FIND CTA2 s 0.23.)

United States Court of Appeals,
Second Circuit.

Thomas J. JEFFREYS, Plaintiff-Appellant,
v.
TEAMSTERS UNION LOCAL 1150, Defendant-Appellee.

Docket No. 01-7644.

Jan. 29, 2002.

Plaintiff, proceeding pro se and in forma pauperis, brought action against union under the Americans with Disabilities Act (ADA), the Rehabilitation Act, and § 1983, alleging that union violated a collective bargaining agreement by failing to abide by the agreement's recall provisions and in its handling of his grievances against his employer. The United States District Court for the District of Connecticut, 2001 WL 506760, Alan H. Nevas, J., adopting the report and recommendation of Holly B. Fitzsimmons, United States Magistrate Judge, granted summary judgment for union, and plaintiff appealed. The Court of Appeals held that fact that defendant in prior proceeding was different than the proceeding at hand did not permit plaintiff to re-litigate the issue of his disability in proceeding at hand, as identity of both parties is not an element of collateral estoppel.

Affirmed.

West Headnotes

[1] Judgment ⚖︎632
228k632 Most Cited Cases

Fact that defendant in prior proceeding was different than in the proceeding at hand did not permit plaintiff to relitigate the issue of his disability in the proceeding at hand, as identity of both parties was not an element of collateral estoppel.

[2] Judgment ⚖︎634
228k634 Most Cited Cases

For party to be collaterally estopped from raising an issue, there must have been a prior proceeding in which the party had full and fair opportunity to litigate, and which involved issue that (1) was identical to the issue in the current proceeding, (2) was actually litigated and decided, and (3) was necessary to support a valid and final judgment on the merits.

[3] Judgment ⚖︎713(2)
228k713(2) Most Cited Cases

Although the discovery of "significant new evidence" can overcome the preclusive effect of a prior preceding, Equal Employment Opportunity Commission (EEOC) guidelines concerning disability did not constitute new evidence that would permit plaintiff to relitigate the issue of his disability after the issue had been decided in prior proceeding; rather, the guidelines were legal authority that was fully available to the court in the prior proceeding. 29 C.F.R. § 1630.2.

[4] Civil Rights ⚖︎198(1)
78k198(1) Most Cited Cases

Local union was not state actor, as required to support § 1983 claim. 42 U.S.C.A. § 1983.

*93 Appeal from the United States District Court for the District of Connecticut, Alan H. Nevas, Judge; Holly B. Fitzsimmons, Magistrate Judge.

Thomas J. Jeffreys, pro se.

Leon M. Rosenblatt, West Hartford, CT, for Appellee.

Present SACK, B.D. PARKER, and B. FLETCHER, [FN*] Circuit Judges.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

FN* Of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

## SUMMARY ORDER

**1 UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

In June 1997, the plaintiff, proceeding *pro se* and *in forma pauperis,* brought this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.,* and 42 U.S.C. § 1983. The plaintiff alleges that the defendant violated a collective bargaining agreement by failing to abide by the agreement's recall provisions and in its handling of his grievances against his employer.

On February 28, 2001, the magistrate judge issued a report and recommendation concluding that the defendant's motion for summary judgment should be granted. The magistrate judge decided that the plaintiff is collaterally estopped from pursuing his ADA and Rehabilitation Act claims because they rely upon issues that were decided against the plaintiff in an unsuccessful earlier action against his employer. *See Jefferies [sic] v. United Tech. Corp., Sikorsky Aircraft Div.,* Civ. No. 3:97CV1344 (DJS) (D.Conn. Aug. 12, 1999). The magistrate judge also concluded that the plaintiff's action under 42 U.S.C. § 1983 fails because the plaintiff has not *94 submitted evidence showing that the defendant was acting under color of state law. The district court endorsed the magistrate judge's recommendations, and entered judgment against the plaintiff on April 20, 2001.

[1][2] We conclude from our review of the record that the magistrate judge correctly decided that the plaintiff is collaterally estopped from pursuing his claims under the ADA and Rehabilitation Act because of the finding in *Sikorsky* that the plaintiff was not disabled within the meaning of either of these acts. For a party to be collaterally estopped from raising an issue, there must have been a prior proceeding in which the party had a full and fair opportunity to litigate, and which involved an issue that (1) was identical to the issue in the current proceeding, (2) was actually litigated and decided, and (3) was necessary to support a valid and final judgment on the merits. *Flaherty v. Lang,* 199 F.3d 607, 613 (2d Cir.1999). The *Sikorsky* proceeding meets these requirements. Moreover, identity of both parties is not an element of collateral estoppel, and thus the plaintiff is incorrect in his argument that he may re-litigate the issue of his disability based on the fact that *Sikorsky* involved a different defendant.

[3] We also find without merit the plaintiff's argument that he may re-litigate the issue of his disability based on the presentation of allegedly new evidence. Although the discovery of "significant new evidence" can overcome the preclusive effect of a prior preceding, *see Khandhar v. Efenbein,* 943 F.2d 244, 249 (2d Cir.1991), the EEOC guidelines concerning disability to which the plaintiff refers are not evidence at all. Rather, they are legal authority, codified at 29 C.F.R. § 1630.2, and they were fully available to the court in *Sikorsky.* Similarly, we reject the plaintiff's argument that summary judgment was premature because the plaintiff had not yet obtained the affidavit of a union officer. The plaintiff has not shown that the officer's testimony would have borne on the issue of his disability, and thus has not demonstrated that he was prejudiced by his inability to obtain the officer's affidavit.

**2 [4] We also agree with the magistrate judge's conclusion that the plaintiff's claims under 42 U.S.C. § 1983 must fail because the defendant is not a state actor.

Finally, we acknowledge that the plaintiff's statements in his complaint regarding the defendant's alleged failure to protect his rights and pursue his claims against his employer under the collective bargaining agreement could be read as an allegation that the defendant breached its duty of fair representation in violation of 29 U.S.C. § 159(a). However, the plaintiff conceded at oral argument that he failed to give notice of his desire to be recalled after his layoff within the six-month period required by the collective bargaining agreement. Consequently, there was no timely claim under the collective bargaining agreement for the defendant to pursue on the plaintiff's behalf, and the plaintiff lacks a factual basis for his allegation of breach of duty.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

28 Fed.Appx. 92, 2002 WL 138042 (2nd Cir.(N.Y.))

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d  
21 NDLR P 26  
(Cite as: 2001 WL 506760 (D.Conn.))

Page 1

**H**

United States District Court, D. Connecticut.

Thomas J. JEFFREYS  
v.  
TEAMSTERS LOCAL UNION NO. 1150

No. Civ. 3:97CV1538(AHN).

Feb. 28, 2001.

*RECOMMENDED RULING ON MOTION FOR SUMMARY JUDGMENT*

FITZSIMMONS, Magistrate J.

*1 Thomas J. Jeffreys brings this action *pro se* and *in forma pauperis* against the Teamsters Local 1150 (the "Union") arising out of his June 1993 layoff from his employment at Sikorsky Aircraft. [FN1] Plaintiff alleges that the Union discriminated against him in handling his layoff and failing to abide by the recall provisions of the Collective Bargaining Agreement because he is an individual with a disability. Plaintiff contends that defendant violated the Americans with Disability Act of 1990(ADA), 42 U.S.C. § 12111 et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and his civil rights, not further specified.

> FN1. The Union is a labor organization engaged in collective bargaining for its members employed at Sikorsky Aircraft. Plaintiff was a member of the Union during the relevant time period of this action. [Def. 9(c)(2) ¶ 2].

Pending is defendant's Motion for Summary Judgment [Doc. # 42]. For the reasons that follow, summary judgment is GRANTED.

*STANDARD OF LAW*

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." *Miner v. Glen Falls*, 999 F.2d 655, 661 (2d Cir.1993) (citation omitted). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Aldrich v. Randolph Cent. Such. D.*, 963 F.2d 520, 523 (2d Cir.) (quoting *Anderson*, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992). After discovery, if the non-moving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." *Aldrich*, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). See also *Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir.1992).

In the context of a motion for summary judgment pursuant to Rule 56(c), disputed issues of fact are not material if the moving party would be entitled to judgment as a matter of law even if the disputed issues were resolved in favor of the non-moving party. Such factual disputes, however genuine, are not material, and their presence will not preclude summary judgment. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *Cartier v. Lussier*, 955 F.2d 841, 845 (2d Cir.1992).

These principles apply to cases of employment discrimination as they do to other cases. "[T]he salutary purposes of summary judgment--avoiding protracted, expensive and harassing trials--apply no less to discrimination cases than to commercial or other areas of litigation." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir.1997) (citing *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985), cert. denied, 474 U.S. 829 (1985)).

*2 Plaintiff filed this action *pro se* and, as the Second Circuit directs, when considering the sufficiency of a *pro se* complaint, this Court "must construe it liberally, applying less stringent standards than when a plaintiff is represented by counsel." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam)); *Branham v. Meachum*, 77 F.3d 626, 628-29 (2d Cir.1996). While the court "has an obligation to read [the *pro se* party's] supporting papers liberally, and ... interpret them to raise the strongest arguments

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
21 NDLR P 26
(Cite as: 2001 WL 506760 (D.Conn.))

Page 2

they suggest, a *pro se* party's bald assertion, completely unsupported by the evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F.Supp. 424, 429 (S.D.N.Y.1995) (internal quotation marks and citations omitted).

The Court notes that, on August 16, 2000, [Doc. # 52], the Court filed a ruling and order including a notice to the plaintiff pursuant to *McPherson v. Coombe*, 174 F.3d 276 (2d Cir.1999). The Court informed the plaintiff that any factual assertions in the documents accompanying the defendant's summary judgment would be accepted as true unless the plaintiff filed affidavits or other documentary evidence contradicting the assertions. The Court indicated that the plaintiff could not simply rely on his complaint or his memorandum in opposition to the motion for summary judgment. In addition, the Court noted that the plaintiff must file a Local Rule 9(c)(2) Statement setting forth the facts that remain in dispute. In response to the Court's notice, plaintiff filed a memorandum with attached exhibits.

DISCUSSION

Defendant first argues that plaintiff's complaint was not timely filed. The record contains a copy of the EEOC's determination dismissing plaintiff's complaint on March 27, 1997, which gave plaintiff 90 days, or until June 25, 1997, to file a federal lawsuit. [Def. Ex. B]. Defendant argues that since plaintiff's complaint was file stamped on July 28, 1997, that it was untimely and suit is barred. "However, where, as here, plaintiff acts *pro se* and sends his complaint to the court, and the complaint is not filed until a later date due to consideration of plaintiff's application to proceed in forma pauperis, the action is deemed commenced for purposes of the statute of limitations upon receipt by the court of plaintiff's complaint, and not when it is filed." *Salahuddin v. Milligan*, 592 F.Supp. 660, 661 (S.D.N.Y.1984), aff'd without op., 767 F.2d 908 (2d Cir.1985). Here, plaintiff's federal complaint was received for filing by the District Court on June 17, 1997, along with plaintiff's Motion to Proceed In Forma Pauperis (IFP), [Doc. # 1]. In this District, a complaint is not filed until the IFP Motion has been considered and granted. Plaintiff's IFP Motion was granted on July 28, 1997, and only then was the complaint authorized for filing. This Court regards June 17, 1997, as the filing date for purposes of tolling the statute of limitations.

*Collateral Estoppel*

\*3 The Union argues that plaintiff should be barred from bringing this action under the doctrine of collateral estoppel. [FN2] Defendant asserts that plaintiff brought this same case against his employer, Sikorsky Aircraft, in *Jefferies [sic] v. United Technologies Corp., Sikorsky Aircraft Division*, Civ. No. 3:97CV1344 (DJS) (D.Conn. Aug. 12, 1999) [hereafter *"Sikorsky"*].

> FN2. Collateral estoppel is defined as
> An affirmative defense barring a party from relitigating an issue determined against that party in an earlier action, even if the second action differs significantly from the first one.
> Defensive collateral estoppel is defined as
> Estoppel asserted by a defendant to prevent a plaintiff from relitigating an issue previously decided against the plaintiff and for another defendant.
> Black's Law Dictionary 256 (7th Ed.1999).

Our Court of Appeals states
collateral estoppel, or issue preclusion, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated by the same parties in a future lawsuit. Collateral estoppel applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Unlike res judicata, collateral estoppel does not bar a litigant from subsequently pursuing issues that were not raised in the first proceeding, but "could have been."
*Flaherty v. Lang*, 199 F.3d 607, 613 (2d Cir.1999) (internal quotation marks and citations omitted).

Both this proceeding and *Sikorsky* raise identical issues. In *Sikorsky*, Jeffreys claimed that his employer violated the ADA and Rehabilitation Act by laying plaintiff off in June 1993 and not recalling him to work thereafter. [Def. Ex. D & E]. Judge Squatrito granted summary judgment for Sikorsky, finding that plaintiff failed to establish a prima facie case and that he was not disabled within the meaning of either the ADA or the Rehabilitation Act. While the Court found that plaintiff suffered from a physical impairment [FN3] and had been diagnosed with

Not Reported in F.Supp.2d
21 NDLR P 26
(Cite as: 2001 WL 506760 (D.Conn.))

Page 3

chronic back pain and left-sided sciatica, it also found that "plaintiff failed to present any evidence tending to show that his impairment was substantial," and that "plaintiff ... failed to establish that his condition substantially limits the major life activity of working." [Def. Ex. D. at 6, 9-10]. Significant to the Court was the fact that plaintiff "did not provide any evidence that he is unable to work in a broad range of jobs or classifications of jobs." Id. at 10. His "1993 medical reports indicate that he worked regularly ... [and his] submitted evaluations state that his performance and attendance were satisfactory." Id. Moreover, "plaintiff did not miss any work after the issue of a medical placement report stipulating his work restrictions." Id. Indeed, the Court further held that "plaintiff failed to present any evidence that the defendant regarded him as having a disability," Id. at 12, and concluded that "plaintiff does not have a record of an impairment within the meaning of the ADA." Id. at 13. [FN4]

> FN3. Plaintiff claimed in Sikorsky to be disabled from the same 1989 auto accident, and provided the same medical documentation in both cases.

> FN4. The Court also found that plaintiff's claim failed under the Rehabilitation Act for two reasons.
> First, the plaintiff must establish that he is disabled within the meaning of the statute. Since the definition of an impairment is almost identical to that of the ADA, the plaintiff is not disabled according to the RHA. Second, the plaintiff has not demonstrated that the defendant receives financial assistance form the federal government. The plaintiff does sell helicopters to the government; however, contracts are not considered within the definition of federal financial assistance according to the RHA.
> Id. at 15 (citation omitted).

Upon careful review of the pleadings, this Judge concludes that the issues now before this Court on summary judgment were already litigated and decided in the Sikorsky case. In both cases, plaintiff claims he was discriminated against due to his back impairment, in violation of the ADA and Rehabilitation Act, in connection with the layoff in June 1993 and the subsequent recall. The two complaints were received by the court on June 17, 1997, the same day, and were based on the same underlying occurrences.

*4 Nothing in the record indicates that Jeffreys did not have a full and fair opportunity to litigate these claims in Sikorsky. Plaintiff's argument that he requested the guidelines from the EEOC after Judge Squatrito's decision and should be permitted to submit them here in opposition to summary judgment is unavailing, since plaintiff stated that he had these EEOC guidelines in his memorandum in opposition to summary judgment in Sikorsky. [Def. Ex. G at 21]. In his opposition papers in this case, plaintiff repeatedly refers to Judge Squatrito's ruling and states his disagreement with the findings. [Doc. # 54 at 9-10, 12-13, 27-28, 50-51, 55]. Plaintiff's disagreement with Judge Squatrito's decision is not a sufficient basis to relitigate the same issues in this action. [Doc. # 54 at 2]. [FN5]

> FN5. Plaintiff's pro se status is not a sufficient basis, in and of itself, to permit relitigation of the ADA/Rehabilitation Act finding by Judge Squatrito. The Court notes that plaintiff provided a sixty-five page memorandum of law in opposition to summary judgment [Doc. # 54] and exhibits A through Q. The majority of this material was presented and considered in Sikorsky. Plaintiff states that "being a pro se [he] could have done a better job in his filing against summary judgment, but now he understands and will state facts that will over turn findings in [Sikorsky] case." [Doc. # 54 at 50]. The doctrine of collateral estoppel was designed to prevent just this kind of practice by litigants.

Finally, the Court concludes that the issues litigated in Sikorsky were "necessary to support a valid and final judgment on the merits." Flaherty 199 F.3d at 613. The Court's conclusion that Jeffreys is not "disabled" was necessary there, as here, in resolving the issues on summary judgment.

The doctrine of collateral estoppel may be invoked by one who was not a party to the original action. The only requirement is that the party against whom the doctrine is applied must have had the opportunity to litigate the merits of the issue in the prior action. See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 329 (1971). The

Not Reported in F.Supp.2d
21 NDLR P 26
(Cite as: 2001 WL 506760 (D.Conn.))

Page 4

court is not required to permit "repeated litigation of the same issue as long as the supply of unrelated defendants holds out." *Id.*

Accordingly, plaintiff is barred from bringing these ADA and Rehabilitation Act claims by the doctrine of collateral estoppel.

*42 U.S.C. § 1983*

Finally, plaintiff's unspecified civil rights claims pursuant to 42 U.S.C. § 1983 must also fail. In order to state a claim for relief under the Civil Rights Act, plaintiff must allege that a person acting under color of state law has deprived him of a constitutionally or federally protected right. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 930 (1982); *Washington v. James,* 782 F.2d 1134, 1138 (2d Cir.1986). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." *West v. Atkins,* 487 U.S. 42, 49 (1988) (citations omitted). "A public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

Plaintiff has not shown that the Union was acting under color of state law. Accordingly, summary judgment is granted to defendant on plaintiff's claim under 42 U.S.C. § 1983.

CONCLUSION

Based on the foregoing, defendant's Motion for Summary Judgment [Doc. # 42] is GRANTED.

*5 Plaintiff's Motion to Compel [Doc. # 61] and Motion for Use of Affidavits in Summary Judgment Practice [Doc. # 65] are DENIED. Additional evidence was not necessary, as the Court concluded that summary judgment was warranted as a matter of law.

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; *Small v. Secretary of H.H.S.,* 892 F.2d 15 (2d Cir.1989) (per curiam); *F.D.I.C. v. Hillcrest Assoc.,* 66 F.3d 566, 569 (2d Cir.1995).

2001 WL 506760 (D.Conn.), 21 NDLR P 26

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works