UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Thomas J. Jeffreys, | : | |
| | : | |
| Plaintiff, | : | NO.   3:03cv460 (MRK) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| Teamsters Local Union No. 1150, | : | |
| | : | |
| Defendant. | : | |

### RULING

Having considered *pro se* Plaintiff's Motion for Relief from Judgment [doc. #28], this Court finds no evidence of mistake, newly discovered evidence, fraud, or any other reason justifying relief from the operation of either this Court's Ruling on March 25, 2004 [doc. #22] granting Defendants' motion to dismiss, or this Court's Ruling on October 8, 2004 [doc. #27] denying Plaintiff's motion to amend his pleadings and Plaintiff's motions for reconsideration of judgment.  Therefore, Plaintiff's Motion for Relief from Judgment [doc. #28] is DENIED.

The Court dismissed Plaintiff's claim on the basis of *res judicata*, a concept that often is difficult for lawyers to understand, let alone non-lawyer litigants such as Plaintiff.   Indeed, one commentator has observed, "*Res judicata* is hard enough already."  Howard M. Erichson, *Interjurisdictional Preclusion*, 96 Mich. L. Rev. 945, 945 (1998).  There are several reasons for the *res judicata* doctrine – which prevents a plaintiff from relitigating claims that were, or could have been, asserted in a prior action against the same party – and the Court would like to share them with Plaintiff:

> First, and perhaps foremost, is the concept of repose. The finality of a judgment in its fullest sense, allows the loser as well as the winner, to get on with his life; to put a controversy over a claim, or even part of a claim or an issue embedded in the claim, behind him and to move on to other things. . . . A related justification lies in the often invoked argument that any system of justice must strive not only for truth and accuracy but also for the avoidance of excessive costs. For a winning party to have to relitigate a claim already decided in his favor imposes costs not only on him – both financial and psychological – but also on the public in the form of judicial expenses not paid for by the parties themselves. . . . And another, less tangible cost to the system is the loss of "prestige" (for want of a better word) that attends the existence of inconsistent and even conflicting results. . . . [T]he lack of assurance that a second adjudication will yield a "better" or more "accurate" result militates against a general authorization of relitigation solely on the assumption that a second consideration is more likely than the first to get things right.

David L. Shapiro, *Civil Procedure: Preclusion in Civil Actions* 16-17 (2001).

The Court sincerely hopes that this explanation assists Plaintiff in understanding the Court's ruling. However, if Plaintiff continues to disagree with the Court's rulings – which is his prerogative – his recourse at this point must be an appeal to the United States Court of Appeals for the Second Circuit. Any further filings in this Court would not be appropriate since this Court has now rejected Plaintiff's initial filing as well as *two* motions for reconsideration. **The Clerk is directed to close this file.**

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

Dated at New Haven, Connecticut: <u>November 5, 2004</u>